NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KIMBERLEY STEELE,

                        Plaintiff,

v.

JOANN MARQUES,

                        Defendant.

Case No. 23cv20474 (EP) (JBC)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

    Before the Court is *pro se* Plaintiff Kimberley Steele's Complaint, D.E. 1, application to proceed *in forma pauperis* ("IFP"), D.E. 1-2, and motion for the appointment of *pro bono* counsel,[1] D.E. 4. For the reasons set forth below, Plaintiff's IFP application is **GRANTED**, the Complaint is **DISMISSED** *without prejudice*, and the motion for the appointment of pro bono counsel is **DENIED** *without prejudice*.

    A district court may grant a plaintiff's IFP application, which permits the plaintiff to commence a civil action without paying the filing fee. First, however, a plaintiff must submit an affidavit demonstrating that she is "unable to pay such fees." *Steele v. Schwartz*, 2023 U.S. Dist. LEXIS 154112, at *1 (D.N.J. Aug. 31, 2023). Here, Plaintiff's IFP application sufficiently demonstrates that she cannot pay the filing fee because her submission provides that Plaintiff's only income during the past year came from disability and public-assistance, D.E. 1-2 at 2, her monthly expenses are greater than her income, *id.* at 4, and she has no employment or assets, *id.* at 1, 3. *See* 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's IFP application is granted.

---

[1] This motion is decided on the papers. Fed. R. Civ. P. 78; L.Civ.R.78.1(b).

Where a plaintiff's IFP application is granted, a district court must then screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). The legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371; *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020).

Moreover, a complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted). But such a complaint must still provide a "short and plain statement of the claim showing that the pleader is entitled to relief," that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And while a complaint's factual allegations are generally accepted as true, legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Here, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff, a Roselle Park, New Jersey resident, brings this case against Defendant Joann Marques, a court administrator, who allegedly informed Plaintiff that her state court proceedings would be "scheduled with the other cases[.]" D.E. 1 at 1, 3. Plaintiff alleges that her "pets have been left in the defendants[2] [sic] house for several months and the others in the animal shelter waiting for the

---

[2] Plaintiff's reference to "defendants" appears to concern the defendants in state court proceedings, not any defendants in this case.

2

judge[3] to have us placed together." *Id.* at 3. And that those defendants[4] "are responsible for the length of time it's taking [to reunite Plaintiff with her pets] and this defendant[5] is a danger to them[6] he is not a person we are friends with." *Id.* Plaintiff seeks $1,500.00 in restitution[7] for "[h]uman/animal civil rights, statutory constitutional laws violation, Americans with disabilities, slander and personal property theft/larceny," *id.* at 4, and "employees liability," *id.* at 2.[8]

The Court can only glean, based on the allegations in the Complaint, that Plaintiff believes that Defendant played some role in the alleged delay in Plaintiff's state court proceedings, which has prevented Plaintiff from being reunited with her pets. The Court interprets Plaintiff's Complaint to be asserting two constitutional claims arising under 42 U.S.C. § 1983: (1) an unreasonable seizure in violation of the Fourth Amendment, and (2) a deprivation of property without due process of law in violation of the Fourteenth Amendment. To state a Section 1983 claim, a plaintiff must allege facts demonstrating that "(1) she was deprived of 'rights, privileges, or immunities' afforded to her under the federal constitution or other federal law, and (2) 'the conduct complained of was committed by a person acting under color of state law.'" *Schwartz*,

---

[3] Not the undersigned.
[4] Again, Plaintiff's reference to "defendants" appears to concern the defendants in state court proceedings, not any defendants in this case.
[5] This appears to be a reference to Defendant.
[6] This appears to be a reference to Plaintiff's pets.
[7] The Court cautions Plaintiff that should she file an Amended Complaint, monetary damages may not be sought against Defendant for alleged civil rights violations arising from Defendant's judicial acts. *Addlespurger v. Corbett*, 461 F. App'x 82, 85 (3d Cir. 2012) (citations omitted) ("[C]ourt administrators are similarly [(like judges)] absolutely immunized from a suit for damages under the doctrine of quasi-judicial immunity, because their activities were an integral part of the judicial process. A court administrator[], who is charged with the duty of carrying out facially valid court orders, enjoys quasi-judicial immunity from liability for damages in a suit challenging conduct prescribed by that order.").
[8] No specific allegations concerning this litany of constitutional, statutory, and tort claims are made in the Complaint.

3

2023 U.S. Dist. LEXIS 154112, at *4 (quoting *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011)).

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV.  A person may have a viable Fourth Amendment claim where she is subject to an unreasonable seizure of her personal pet.  *See Schwartz*, 2023 U.S. Dist. LEXIS 154112, at *5 (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 209-10 (3d Cir. 2001)).

Here, Plaintiff has not plausibly made out a Fourth Amendment claim against Defendant.  Defendant is a court administrator, and how/if she was involved in the circumstances leading up to Plaintiff's pets being separated from Plaintiff is not alleged in the Complaint.  Therefore, the Court can neither infer that Plaintiff's pets were unreasonably seized nor that Defendant was involved in any seizure.  *See Schwartz*, 2023 U.S. Dist. LEXIS 154112, at *5-6 (concluding plaintiff failed to state a Fourth Amendment claim where plaintiff's "extremely brief and vague description of the events [do] not depict any of the circumstances leading up to her pets being seized").  Accordingly, Plaintiff's Fourth Amendment claim is dismissed.

The Fourteenth Amendment's due process clause provides that a state may not "deprive any persons of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.  Due process typically requires notice and an opportunity to be heard before the deprivation of property occurs, but a pre-deprivation hearing is not always required; "for example, in cases where it would be impractical or where there is 'the necessity of quick action' by the state." *Schwartz*, 2023 U.S. Dist. LEXIS 154112, at *5 (quoting *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 417 (3d Cir. 2008)).

Here, Plaintiff has not plausibly made out a Fourteenth Amendment claim against Defendant.  Specifically, while Plaintiff seems to allege that Defendant played a role in delaying

4

state court proceedings intended to determine whether Plaintiff would be reunited with her pets, there are no allegations that Defendant had any authority to delay the proceedings or that any proceedings were even delayed. Instead, the allegations in the Complaint demonstrate that Defendant informed Plaintiff that her state court proceedings would "be scheduled with the other cases," D.E. 1 at 3, which leads to the logical conclusion that Plaintiff's case was proceeding in the ordinary course. Therefore, without any allegations describing what procedures Plaintiff was/was not afforded in connection with Plaintiff being separated from her pets, the relevant surrounding circumstances, and what role, if any, Defendant played in such deprivation, the Court cannot infer that a due process violation occurred. Accordingly, Plaintiff's Fourteenth Amendment claim is dismissed.

Finally, there is no right to counsel in civil cases. However, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002). In determining whether to appoint counsel, a court considers whether there is "some arguable merit in fact and law" to the claims asserted in a complaint. *Montgomery*, 294 F.3d at 498-99. Here, because Plaintiff's Complaint fails to state a claim upon which relief may be granted, Plaintiff's motion for appointment of *pro bono* counsel is denied.

For the foregoing reasons,

**IT IS**, on this 14th day of December, 2023;

**ORDERED** that Plaintiff Kimberley Steele's IFP application, D.E. 1-3, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from the date of this Memorandum Order to file an Amended Complaint curing the deficiencies noted herein; and it is further

**ORDERED** that Plaintiff's motion for the appointment of pro bono counsel, D.E. 4, is **DENIED** *without prejudice*; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case; and it is finally

**ORDERED** that the Clerk of the Court shall **REOPEN** this case if Plaintiff files an Amended Complaint within thirty (30) days from the date of this Memorandum Order.

Dated: December 14, 2023

Evelyn Padin, U.S.D.J.